UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                   Case No. 8:20-cr-166-MSS-CPT

RAUL REYES
_____/

**O R D E R**

Before the Court is Defendant Raul Reyes's amended motion for the transfer of

this case to the Middle District of Florida's Orlando Division.[1]  (Doc. 33).  For the

reasons set forth below, Reyes's motion is granted.[2]

I.

In April 2010, Reyes was convicted of bank robbery in the Southern District of

New York and sentenced principally to a prison term of one hundred and eighty-eight

(188) months and a supervised release term of three (3) years.  (Doc. 1-3).[3]  Reyes's

sentence was subsequently amended in May 2013 and again in September 2019.

_____

[1] The Court previously granted a separate portion of Reyes's motion, in which he asked that the Federal Public Defender's Office be appointed to represent him.  (Doc. 35).

[2] The undersigned has elected to proceed by way of an Order rather than a Report and Recommendation given the case authority supporting such an approach, *see, e.g.*, *Abreu v. Pfizer, Inc.*, 2022 WL 481184, at *1 n.2 (S.D. Fla. Feb. 16, 2022) (collecting cases), and the fact that the motion is unopposed.  If the undersigned is incorrect in this regard, he respectfully requests that this Order be cross-designated as a contingent Report and Recommendation.

[3] Reyes's sentence was ordered to run consecutively to the sentence he was serving for the Ponce Central District Court in Puerto Rico.  (Doc. 1-3).

(Docs. 1-4, 1-5).  The latter amendment resulted in Reyes's sentence being reduced to time served, and he commenced his supervised release term shortly thereafter.  (Docs. 1-1, 1-5).

In June 2020, Reyes's case was transferred from the Southern District of New York to this District apparently because he was residing here.  (Doc. 1).  In connection with the transfer, the United States Probation Office (Probation) filed a *Petition for Warrant or Summons for Offender Under Supervised Release*, which alleged that Reyes had possessed heroin in violation of his release conditions.  (Doc. 3).  In October 2021, this Court dismissed the petition and cancelled the final revocation hearing at Probation's request.  (Docs. 21, 26).

Approximately five months later, Probation filed a new *Petition for Warrant or Summons for Offender Under Supervised Release* against Reyes.  (Doc. 28).  This petition alleged that Reyes had violated the conditions of his supervision by committing a bank robbery in Orange County, Florida, among other conduct.  *Id.*  That bank robbery is also the subject of an indictment pending in the Orlando Division before the Honorable Carlos E. Mendoza.  *See United States v. Raul Reyes Vasquez*, Case No. 6:22-cr-31-CEM-LHP, Doc. 4.

By way of the instant motion, Reyes now seeks to have this case transferred to Judge Mendoza.  (Doc. 33).  In support of this request, Reyes asserts that the proposed transfer would promote judicial economy and that the government, Probation, and—most importantly—Judge Mendoza do not object to this relief.  *Id.*

2

II.

Federal Rule of Criminal Procedure 18 defines where a criminal action can be prosecuted. It provides, in pertinent part, that "the government must prosecute an offense in a district where the offense was committed" and that the court must thereafter "set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim P. 18.

There are two Local Rules that address the appropriate venue for a criminal action within the District, as well as the subsequent transfer of such an action to a different division. The first of these is Local Rule 1.04(c), which states:

> Unless otherwise provided by law, the United States must begin a criminal action in a division in which at least one defendant committed a charged offense. The judge must transfer the action to the division to which the action is most directly connected or in which the action is most conveniently advanced.

M.D. Fla. R. 1.04(c).

The second rule is Local Rule 1.07, which more generally states, in relevant part, that a case may be transferred by a judge "at any time and for any reason" upon the consent of the transferee judge. M.D. Fla. R. 1.07(a)(2)(A).[4]

---

[4] Reyes does not cite the foregoing rules but instead relies on 18 U.S.C. § 3605. (Doc. 33 at 3). Section 3605 provides that a court may transfer jurisdiction over a person on supervised release "to the district court for *any other district* to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605 (emphasis added). In the absence of any meaningful briefing on the issue, the Court does not see at this point how section 3605 would apply where, as here, a transfer is sought to another division within the same district.

3

Against this backdrop, the proposed transfer appears to be adequately supported. To begin, the pending supervised release petition in this case almost certainly will concern evidence related to the bank robbery prosecution pending before Judge Mendoza. As such, the requested transfer would seem to promote judicial economy and to eliminate the possibility of inconsistent rulings. Moreover, Judge Mendoza consents to the sought-after transfer, as do Reyes, the government, and Probation. Finally, this Court has little, if any, significant connection to this action, as it was originally brought in another district and has not required much involvement by this Court to date. Taken together, these factors sufficiently align with the provisions of Rule 18 and the applicable Local Rules.

III.

In light of the above and after consultation with the Clerk of Court, it is hereby ORDERED:

1.     Reyes's amended motion for the transfer (Doc. 33) is granted.

2.     The Clerk of Court is directed to (a) transfer this case to the Orlando Division; and (b) assign it to the Honorable Carlos E. Mendoza as the District Judge and the Honorable Leslie Hoffman Price as the Magistrate Judge[5].

SO ORDERED in Tampa, Florida, this 29th day of April 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

---

[5] Judge Hoffman Price is the Magistrate Judge assigned to the Orlando bank robbery case as well.

4

Copies to:
Counsel of record